ORIGINAL

# United States Court of Appeals for the Federal Circuit

FILED
JUL 9 2008
U.S. COURT OF FEDERAL CLAIMS

2008-5029

LAWRENCE V. WILDER, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the United States Court of Federal Claims

in CASE NO(S). 07-CV-723

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED**

ENTERED BY ORDER OF THE COURT

DATED MAY 08 2008

Jan Horbaly / clt

Jan Horbaly, Clerk

**ISSUED AS A MANDATE:** JUL - 9 2008

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Valerie D. Date: 7/9/08

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5029

LAWRENCE V. WILDER, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Lawrence V. Wilder, Sr., of Catonsville, Maryland, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5029

LAWRENCE V. WILDER, SR.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-723, Judge Nancy B. Firestone.

---

DECIDED: May 8, 2008

---

Before DYK and PROST, Circuit Judges, and HOCHBERG, District Judge.*

PER CURIAM.

Appellant Lawrence V. Wilder, Sr., ("Wilder") appeals from a decision of the United States Court of Federal Claims dismissing his Tucker Act action against the United States for lack of subject matter jurisdiction. Because the Court of Federal Claims correctly determined that it lacked jurisdiction, we affirm.

BACKGROUND

Wilder was employed as a Health Insurance Specialist with the United States Department of Health and Human Services ("DHHS") from 1987 to 1997. He alleges that the agency wrongfully removed him from his employment, in part because he had suffered a compensable, employment-related injury.

---

* Honorable Faith S. Hochberg, District Judge, United States District Court for the District of New Jersey, sitting by designation.

On October 12, 2007, Wilder filed a complaint in the Court of Federal Claims based on the Equal Pay Act, 29 U.S.C. § 206(d), the Classification Act, 5 U.S.C. § 5101, the Back Pay Act, 5 U.S.C. § 5596, and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Wilder stated that DHHS had "failed to follow its procedures, and took adverse action against him when it lacked reasonable grounds." Appellee's App. at 6. He further alleged that DHHS had failed to notify him "of employment, disability and retirement rights." Id. Wilder argued that his removal violated the Due Process Clause of the Fifth Amendment. Finally, Wilder sought compensation for alleged governmental misconduct in a case he had brought against DHHS in the United States District Court for the District of Maryland in 1996. He requested compensatory damages under the Tucker Act, 28 U.S.C. § 1491(a)(1).

The Court of Federal Claims determined that it lacked subject matter jurisdiction over Wilder's complaint. It held that the Classification Act, the Back Pay Act, and the Due Process Clause were not money-mandating statutes, and therefore did not support Tucker Act jurisdiction. Further, the court held that Wilder had not made a nonfrivolous allegation that he was within the class of plaintiffs entitled to relief under the Equal Pay Act or the Fair Labor Standards Act. Accordingly, the Court of Federal Claims dismissed Wilder's complaint for lack of subject matter jurisdiction. Wilder timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

Wilder argues that the Court of Federal Claims erred in dismissing his claim for lack of subject matter jurisdiction. We review the Court of Federal Claims's dismissal

for lack of subject matter jurisdiction without deference. Sacco v. United States, 452 F.3d 1305, 1308 (Fed. Cir. 2006).

The Court of Federal Claims based its determination that it lacked subject matter jurisdiction over this Tucker Act action on Wilder's failure to identify a money-mandating source of law for which he was "within the class of plaintiffs entitled to recover under the statute if the elements of a cause of action are established." Greenlee County, Arizona v. United States, 487 F.3d 871, 876 (Fed. Cir. 2007). However, there is another reason why the court did not have jurisdiction of Wilder's claim, under any statute or constitutional provision. 28 U.S.C. § 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereron is filed within six years after such claim first accrues." Two months after the Court of Federal Claims's decision in this case, the Supreme Court reaffirmed that this six-year statute of limitations is jurisdictional, and is therefore not subject to equitable tolling. See John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008).

Wilder's claim related to his termination accrued in 1997, and his claim related to the government's actions in the district court case accrued, at the latest, when the United States Court of Appeals for the Fourth Circuit affirmed the district court's decision on July 16, 1998. Because Wilder's complaint was filed in the Court of Federal Claims in October 2007, well more than six years after the allegedly wrongful government actions, it would be barred by the statute of limitations even if jurisdiction were otherwise proper. Under these circumstances there is no need to address the jurisdictional holding of the Court of Federal Claims.

CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

COSTS

No costs.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

By: Valerie [signature] Date: 7/9/08